## GREAT NORTHERN LIFE INS. CO. v. SHEPPARD. (No. 3780.)

Court of Civil Appeals of Texas. Texarkana. Feb. 7, 1930.

Rehearing Denied Feb. 13, 1930.

G. C. Harris and H. L. Carpenter, both of Greenville, for appellant.

Clark, Harrell & Starnes, of Greenville, for appellee.

LEVY, J. (after stating the case as above). The major point on appeal, presented under pertinent assignments of error, is that of whether the agreement of compromise and settlement between the appellee and the claim auditor or adjuster was valid or void. It is perfectly clear from the evidence that the compromise was made under such circumstances as that the law will permit it to stand. There is no pretense of fraud entering into the settlement, and it was not made because of mutual mistake of fact. The appellee had in fact suffered an accident on December 20, 1927, and also was sick beginning about February 1, 1928. The appellee had made and submitted to the home office proofs of both claims, and the home office had full opportunity to make investigation of the two distinct claims. The home office mailed to the adjuster "the proofs of loss filed by Dr. Sheppard," and instructed him to make personal investigation of such claims. The adjuster came to see the appellee, and he and the ap-

pellee mutually agreed to the settlement, by the terms of which the appellee was to be paid the sum of $1,200 upon the claim which had been made against the company, and the appellee was to release the company from all liability therefor. The adjuster then signed and delivered to the appellee the order on the company to pay the agreed amount; and thereupon the appellee signed a full release of all claims arising on "December 20, 1927," as well as claims for "all illness or disease or injuries sustained or received by me up to this date" of May 3, 1928. The adjuster does not claim that he delivered the order of payment conditionally, or otherwise than in full and final adjustment of the claim. The adjuster was the general adjuster of the company and had authority to bring about an adjustment or settlement in his discretion between the company and the insured. This authority would include the authority to give the order on the company for the payment of the amount of settlement, and it was not essential to the validity of the order that the home office should approve or accept the adjustment. The giving of the order for payment was necessary to the accomplishment of the agency. The consideration for the settlement was ample, as there was not only a claim for accident while the policy was suspended, but a claim for sickness while the policy was in force. The appellee was claiming the sickness arose independently of the injury, and the company was claiming that the sickness resulted from the injury, and that the injury, and consequently the sickness, was a time when the policy was lapsed. The consideration, therefore, was not the sacrifice of the right to claim a lapse of the policy, but the settlement of the dispute; and this constitutes adequate consideration. 3 R. C. L. p. 889; 12 C. J. § 17, p. 324. The adjuster may have been ignorant and not informed by the home office of the lapse of the policy between the dates of December 15 and 27, but that would not afford ground for undoing the adjustment. 12 C. J. § 51, p. 353. The lapse of the policy from December 15 to December 27 may have been a defense that could have been used in a suit upon the policy, but such default clause in the policy would not have application where there was, as here, compromise of the claim and a promise made to pay the same. The provisions of the policy were abrogated, and the rights of the parties became fixed under the compromise and new promise to pay the same. Ins. Co. v. Gibbs, Wilson & Co., 42 Tex. Civ. App. 407, 92 S. W. 1069, 96 S. W. 760; Stache v. Ins. Co., 49 Wis. 89, 5 N. W. 36, 35 Am. Rep. 773.

Assignments of error Nos. 9 to 22, inclusive, relate to objections to testimony. It is believed that these assignments should be overruled as not warranting a reversal of the judgment.

■ It is urged that the petition of the appellee did not plead sickness independent of accident. His petition alleged that the adjuster and the insured entered into a compromise and settlement "of said claim and all other claims arising under said policy." Such allegation sufficiently covered the settlement for both accident and sickness.

The judgment is affirmed.